Complaint of **SPENCE & HOWE CON-STRUCTION COMPANY** as Owner of the **SPENCE & HOWE, #2**, Her Engines, Tackle, etc., In a Cause of Exoneration From or Limitation of Liability.

**Civ. No. 7168.**

United States District Court,
E. D. Texas,
Beaumont Division.

March 17, 1972.

Thomas A. Brown, Brown & Teed, Houston, Tex., for Spence & Howe Const. Co.

James E. Ross, Ross, Griggs & Harrison, Houston, Tex., for the Barge CALAIS NO. 1.

Woodson E. Dryden, Beaumont, Tex., for claimant, J. J. Leverkuhn.

Arthur L. Schechter, Downman, Jones & Schechter, Houston, Tex., for respondent, Billie Glover.

O. J. Weber, Jr., Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for third-party defendant, Texas Employers Ins. Ass'n.

# MEMORANDUM OPINION

STEGER, District Judge.

This cause came on for trial before the Court, and the Court having heard the evidence and considered the stipulations of the parties, enters the following as its Findings of Fact and Conclusions of Law:

## Statement of the Case

Between the dates of August 25, 1970 and February 9, 1971, Spence & Howe Construction Company was engaged in the construction of approaches to and the construction of a trestle spanning Brakes Bayou in Beaumont, Jefferson County, Texas. As the project progressed to a point where the steel erection for the construction of the trestle commenced, Spence & Howe Construction Company hired a crew of ironworkers from Local No. 125, Beaumont, Texas, of the International Association of Bridge, Structural and Ornamental Ironworkers for the purpose of erecting the said steel railroad trestle.

In connection with accomplishing this work, the flat steel deck Barge CALAIS #1 was employed as a work platform on which the steel for the construction, ironworkers' tools and other equipment and supplies necessary to the construction were stored. This barge was placed on the navigable waters of Brakes Bayou alongside the structure. Contiguous to the Barge CALAIS #1 was the SPENCE & HOWE Barge #2 upon which was located a moveable crane utilized for the purpose of lifting the structural steel into place on the trestle.

Of those ironworkers so employed by Spence & Howe Construction Company were Billie Glover and J. J. Leverkuhn. On or about October 5, 1970, while so employed by Spence & Howe Construction Company, the said Billie Glover and J. J. Leverkuhn and one other ironworker were riding the "headache ball" at-

tached to the fall or cable of the crane aboard the SPENCE & HOWE #2, descending from the trestle structure to the deck of the Barge CALAIS #1. While so descending, J. J. Leverkuhn and Billie Glover claimed to have been caused to fall from the said headache ball by the negligence of the operator of the crane aboard the SPENCE & HOWE #1 also an employee of Spence & Howe Construction Company. They further allege that it was mandatory that they ride the headache ball since they claim that the ladder from the CALAIS #1 to the bridge structure was either broken or missing.

Suit was filed by J. J. Leverkuhn against Spence & Howe Construction Company in the District Court of the United States for the Eastern District of Texas, Beaumont Division, said suit pending on the docket of the Court as Civil Action Number 7102. Suit was likewise filed by Billie Glover against Spence & Howe Construction Company in the District Court of the United States for the Eastern District of Texas, Beaumont Division, said cause pending on the docket of this Court as Civil Action Number 7006. Thereafter Spence & Howe Construction Company filed its complaint pleading for exoneration from or limitation of liability, said suit pending in the District Court of the United States for the Eastern District of Texas, Beaumont Division, styled In Re the Matter of the Complaint of Spence & Howe Construction Company as Owner of the SPENCE & HOWE #2, etc., in a Cause of Exoneration From or Limitation of Liability which said cause is pending on the docket of the Court as Civil Action Number 7168. An Order was duly issued in the limitation of liability matter restraining the prosecution of the prior suits filed by J. J. Leverkuhn and Billie Glover and thereafter the said causes were consolidated for trial.

Spence & Howe Construction Company contended that both J. J. Leverkuhn

and Billie Glover were ironworkers and not performing work traditionally performed by seamen and consequently were prohibited from bringing suit against the said Spence & Howe Construction Company by reason of the provisions of 33 U.S.C. § 905 (Longshoremen's and Harbor Workers' Compensation Act) which provides among other things:

"The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee . . ."

It became apparent that the essential element to be first determined in this controversy was the "status" of Billie Glover and J. J. Leverkuhn at the time they allegedly sustained their injuries on or about October 5, 1970. The case was called to trial on March 1, 1972, on the issue of status with regard to J. J. Leverkuhn's case only. Billie Glover settled his cause of action prior to the trial of the status issue.

### FINDINGS OF FACT

#### I.

Spence & Howe Construction Company is a private corporation duly organized and existing under and by virtue of the laws of the State of Texas and maintains its principal office and place of business at Port Arthur, Texas, and, on the time and date in question was the owner of Barge SPENCE & HOWE #2 and the owner pro hac vice of Barge CALAIS #1.

#### II.

At the time of and prior to the casualties made the basis of this cause, the Barge SPENCE & HOWE #2 was a steel hull barge of 70 feet in length or thereabouts and 28 feet in beam or thereabouts and utilized for the purpose of a lift barge in connection with the installation of a railroad trestle across Brakes Bayou at Beaumont, Texas.

### III.

At the time of and prior to the casualty made the basis of this cause, the Barge CALAIS #1 was a steel deck barge approximately 90 feet in length or thereabouts and approximately 30 feet in beam or thereabouts and was utilized as a material or work barge in connection with the construction of the railroad trestle across Brakes Bayou at Beaumont, Texas.

### IV.

On the time and date in question, J. J. Leverkuhn was a member of Local Union No. 125, Beaumont, Texas, of the International Association of Bridge, Structural and Ornamental Ironworkers and was hired, along with other union iron workers by Spence & Howe Construction Company for the sole and principal purpose of erecting the iron and/or steel components of the bridge structure.

### V.

J. J. Leverkuhn was not quartered aboard either the Barge SPENCE & HOWE #2 or the Barge CALAIS #1 and was not a member of the crew of either of the said barges.

### VI.

While from time to time J. J. Leverkuhn boarded the Barge CALAIS #1 for the purpose of obtaining material and tools with which to perform his duties on the railroad trestle, his principal place of employment was on the trestle structure itself placing and securing the steel in place on that structure.

### VII.

While J. J. Leverkuhn claims to have assisted in manually pulling on lines to assist in moving the Barge CALAIS #1 on two or three occasions during his period of employment a distance of a few feet for the purpose of placing the barge in a more convenient position to where the work was being carried on aboard the bridge structure, the Court finds that these activities were merely coincidental to the principal task for which he was employed.

### VIII.

J. J. Leverkuhn, on the time and date in question, was not engaged in work traditionally performed by seamen. Seamen did not traditionally build iron railroad bridges.

## CONCLUSIONS OF LAW

### I.

This Court is vested with jurisdiction of these proceedings, in admiralty.

### II.

The principal project upon which J. J. Leverkuhn and his fellow ironworkers were engaged at the time of his alleged injury was the steel erection of a railroad bridge across Brakes Bayou, engaged in work as an ironworker, utilizing special equipment and specialized skills not customarily found among seamen and was not performing such tasks as could have or would have been performed in an ordinary course of business in the shipping industry.

### III.

■ J. J. Leverkuhn is precluded from bringing suit directly or indirectly against either Spence & Howe Construction Company, the Barge SPENCE & HOWE #2 or the Barge CALAIS #1 by reason of the mandate of 33 U.S.C. § 905 (Longshoremen's and Harbor Workers' Compensation Act). Any recovery he may have against his employer, Spence & Howe Construction Company or the above mentioned barges is confined to the benefits bestowed by the said Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq.

## IV.

The question of whether or not J. J. Leverkuhn is entitled to any benefits falling within the purview of the Longshoremen's and Harbor Workers' Compensation Act or whether his claim is justiciable pursuant to the terms and conditions of said act is a question, of course, not to be decided by this forum at this time. Such a decision is within the exclusive purview of the United States Department of Labor, Bureau of Employees' Compensation, in the first instance, subject, of course, to any rights of appeal by either the employer, the carrier, or J. J. Leverkuhn from any decisions made by the Honorable Deputy Commissioner of the United States Department of Labor, Bureau of Employees' Compensation.

## V.

J. J. Leverkuhn, having no recourse against his employer, Spence & Howe Construction Company under either the general maritime law, the Jones Act or the common law of the State of Texas, his claim and answer filed in this cause are hereby dismissed with prejudice with all costs of Court to be paid by the said J. J. Leverkuhn which said dismissal applies equally to his original complaint originally filed as Civil Action No. 7102 consolidated herein for trial.

## VI.

It has further come to the attention of the Court that Spence & Howe Construction Company and Texas Employers' Insurance Association have settled all matters and things in controversy between them. It is thereby further ordered that the third-party complaint filed by Spence & Howe Construction Company against Texas Employers' Insurance Association should likewise be dismissed with prejudice.

Counsel for Spence & Howe Construction Company will submit a Decree in conformity with the foregoing at an early date.